## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Migliarese

v.

Kyrus

October 22, 1984

Case No. (Law) 6103

### By JUDGE AUSTIN E. OWEN

On October 15, 1984, the Court heard the arguments of counsel in support of and in opposition to Defendant's Demurrer and Plea of Statute of Limitations, each directed to the Amended Motion for Judgment filed on March 6, 1984. During the hearing, counsel for the Defendant offered a Memorandum of Law which the Court accepted and filed.

On the same date the Plaintiff argued his motion for leave to amend Paragraph 6 of the Amended Motion for Judgment to allege that Thomas Kyrus, individually, and Edward Carr, individually, did knowingly institute, combine, agree, etc.

The Court took these matters under advisement, and after careful consideration of the oral arguments and of the Memorandum of Law filed on October 15, 1984, the Court has decided that the Demurrer should be sustained on the principal ground that the amended pleading purports to allege an agreement and undertaking between the corporate defendant and its agent to injure the plaintiff in his reputation, trade, business or profession.

The language used in Paragraph No. 6 of the Amended Motion for Judgment which is identical to that found in Code Section 18.2-499, and the oral argument of counsel, make clear that Plaintiff is attempting to state a cause of action under Code Section 18.2-500. A requisite of such an action is that *two or more persons* "shall combine, associate, agree, *mutually* undertake or concert together."

Inasmuch as a corporation can only act through its agents, any authorized action undertaken by its agent is the act of the corporation itself and there is thus lacking the essential *two or more* persons.

The requested Amendment would allege instead that two individuals, neither of whom is a party to the action, did combine, associate, agree, etc. Clearly this states no cause at all against the corporate defendant. If we assume the intention to allege that each of the two individuals was an agent of the corporate defendant, still the actions of the corporate agents are the actions of the corporation and the corporation is not two or more persons.

The Amended Motion for Judgment is defective also in that it is not, in truth, an amendment of the original pleading but an undertaking to state an entirely new cause of action.

The Court finding, for the reasons stated, that the Amended Motion for Judgment does not state a cause of action, does sustain the Demurrer. No cause of action being stated, the question of bar by the Statute of Limitations is not reached.

For the reasons indicated, the requested Amendment would not state a cause of action and no purpose would be served by permitting that Amendment, and the Motion to Amend Paragraph No. 6 is denied.

This action (based upon an original proceeding filed on March 15, 1976) was filed on April 28, 1978. In the some $8\frac{1}{2}$ years since the happening of the event alleged to give rise to a cause of action, the Plaintiff has been unable to state a cause of action and no reason has been suggested why further opportunity would enable the Plaintiff to state a cause.

Accordingly, counsel for Defendant is requested to draft an order, referring to this letter opinion, sustaining the Demurrer and dismissing this action without leave to file any further Amendment.